<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| FIAZ AFZAL, M.D. and DR. SHAHIDA SHUJA,<br><br>  Plaintiffs,<br><br>v.<br><br>NEW JERSEY BOARD OF MEDICAL EXAMINERS, et al.,<br><br>  Defendants. | Civil Action No. 23-02237 (SDW)(JSA)<br><br>**OPINION**<br><br>April 27, 2023 |

**THIS MATTER** having come before this Court upon the filing of a Complaint and an Application to Proceed in District Court Without Prepaying Fees or Costs by *pro se* Plaintiffs Fiaz Afzal, M.D. and Dr. Shahida Shuja ("Plaintiffs"), and the Court having *sua sponte* reviewed the Complaint for sufficiency pursuant to Fed. R. Civ. P. 8(a)(2) and (3) and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009); and

**WHEREAS** a district court may allow a plaintiff to commence a civil action without paying the filing fee—that is, *in forma pauperis*—so long as the plaintiff submits an affidavit demonstrating he is "unable to pay such fees," 28 U.S.C. § 1915(a)(1); and

**WHEREAS** *pro se* complaints, although "[held] to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), must still "'state a plausible claim for relief.'" *Yoder v. Wells Fargo Bank, N.A.*, 566 F. App'x. 138, 141 (3d Cir. 2014) (quoting *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013)); *Martin v. U.S. Dep't of Homeland Sec.*, No. 17-3129, 2017 WL 3783702, at *3 (D.N.J. Aug. 30, 2017); and

**WHEREAS** Plaintiff Afzal submitted a similar claim in February of 2018, which this Court dismissed without prejudice *sua sponte* on February 21, 2018 for failure to state a claim and afforded Plaintiffs an opportunity to amend within thirty days. *Afzal v. N.J. Bd. of Med. Exam'rs, et al.*, No. 2:18-02224 (D.N.J. Feb. 21 2018). Plaintiff Afzal did not amend within the allotted time. *Id.* Plaintiffs submitted a similar claim in March of 2022, which this Court dismissed without prejudice *sua sponte* on March 21, 2022 for failure to state a claim and afforded Plaintiffs an opportunity to amend. *See Afzal and Shuja v. N.J. Bd. of Med. Exam'rs*, No. 22-01283, 2022 WL 939387, at *1 (D.N.J. Mar. 29, 2022), *aff'd*, 2022 WL 4533826 (3d. Cir. Sept. 28, 2022). Plaintiffs submitted an Amended Complaint, which this Court dismissed with prejudice *sua sponte* on March 29, 2022 for failure to state a claim. *Id.* Plaintiffs appealed the dismissal, and the Third Circuit affirmed. *Afzal and Shuja v. N.J. Bd. of Med. Exam'rs*, No. 22-1609, 2022 WL 4533826 (3d. Cir. Sept. 28, 2022) (concluding that "the District Court did not abuse its discretion in dismissing the amended complaint under Rule 8(a)(2)" after, "given multiple opportunities to [amend], plaintiffs failed to plead adequate factual content to support a reasonable inference that defendants were liable and did not present cognizable legal claims to which defendants could respond on the merits" (citing *Garrett v. Wexford Health*, 938 F.3d 69, 81 n.14, 91 (3d Cir. 2019))); and

**WHEREAS** Plaintiffs now bring a similar Complaint with substantially identical, incoherent allegations without cogent legal bases and/or factual support, but additionally assert that because Plaintiff Afzal's medical licensure matter received a final disposition from the State, that the disposition resurrects the inadequately pleaded claims that were previously dismissed by this Court with prejudice, and the dismissal affirmed by the Third Circuit. (*See* D.E. 1.); and

**WHEREAS** *pro se* complaints, although "[held] to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), must still "'state a plausible claim for relief.'" *Yoder v. Wells Fargo Bank, N.A.*, 566 F. App'x. 138, 141 (3d Cir. 2014) (quoting *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013)); *Martin v. U.S. Dep't of Homeland Sec.*, No. 17-3129, 2017 WL 3783702, at *3 (D.N.J. Aug. 30, 2017); and

**WHEREAS** Plaintiffs' Complaint fails to adhere to the relevant pleading standards and seeks to litigate claims that have already been dismissed with prejudice, and the dismissal upheld after appeal.  *See* Fed. R. Civ. P. 8(a)(2) (providing that an adequate complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief"); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (stating that although Rule 8 does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (explaining that to survive a Rule 12(b)(6) motion to dismiss, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level").  The addition of the final disposition from the State does not alter this Court's previous analysis of Plaintiffs' claims.  Of note, Plaintiffs are cautioned that this Court "will not tolerate frivolous litigation that wastes judicial resources" and, consequently, "any future abuse of legal process might trigger sanctions, including an imposition of limitations on Plaintiffs' ability to initiate such legal actions in the future." *Karupiayan v. Infosys, BPM*, No. 21-20796, 2023 WL 1452340, at *3 (D.N.J. Jan. 27, 2023); therefore

Plaintiffs' Complaint is *sua sponte* **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

Plaintiffs' application to proceed *in forma pauperis* is **DENIED** as moot. An appropriate order follows.

  /s/ Susan D. Wigenton   
**United States District Judge**

Orig:   Clerk
cc:     Parties
        Jessica S. Allen, U.S.M.J.